## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

**DONTA JERMAINE WEST**                                          **PETITIONER**

**v.**                                                  **No. 1:25CV96-GHD-DAS**

**SHERIFF EDDIE HAWKINS**                                       **RESPONDENT**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Donta Jermaine West for a writ of *habeas corpus* under 28 U.S.C. § 2241. The State has moved to dismiss the petition; the petitioner has responded, and the parties have submitted additional briefing. The matter is ripe for resolution. For the reasons set forth below, the instant petition for writ of *habeas corpus* will be dismissed with prejudice as moot.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2241

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the

1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new habeas corpus procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about habeas corpus.

*Id.*

Relief under § 2241 is available to a prisoner in five situations, when:

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

(5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c).

Under 28 U.S.C. § 2241, a federal court may issue the writ when the petitioner is in state custody pursuant to something other than a state judgment (such as pretrial detention, pretrial bond order, etc.), permitting a federal court to order the discharge of any person held by a state in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915). Section 2241 also provides a remedy for federal prisoners in two instances, "(1) to challenge the execution of a sentence, and (2) to test the legality of a detention when § 2255 is otherwise inadequate." Section 2241, Federal Habeas Manual § 1:29.

### Facts and Procedural Posture[1]

West filed his federal petition for writ of *habeas corpus* on the standard § 2254 form in June 2025 challenging his *pretrial detention* in Lowndes County following his arrest and later indictment for two separate charges:  possession of a controlled substance and possession of methamphetamine with intent to distribute.[2]  Docs. 1, 5, 8.  In the § 2254 form petition, West alleges violations of rights to due process in pretrial proceedings in Lowndes County Circuit Court, including his right to be heard and cross-examine witnesses against him, his right to a preliminary hearing, and his right to an arraignment.  Doc. 5.  West alleges that he has pending motions in the trial court, including a motion for speedy trial and a motion to dismiss – but acknowledges that his trial date was set for early September 2025.  Doc. 5 at 1, 5.  He also alleges that his first trial counsel "falsified" a "no bill date" and lied to him concerning arraignment proceedings.  Doc. 5 at 10.  Finally, in his prayer for relief, West seeks punitive damages in the amount of $1,500 a day from November 29, 2024, to date.  Doc. 5 at 11. West's initial filing (Doc. 1) and a later filing (Doc. 8) also challenge proceedings in the trial court related to his arrest, indictment, and pretrial detention.  The court has liberally construed West's filings as a petition filed under 28 U.S.C. § 2241, as he was a pretrial detainee at the time his petition was filed.

### Lowndes County Circuit Court Cause Number 1:25-cr-00012

On January 27, 2025, West was indicted in the Lowndes County Circuit Court for his June 7, 2023, possession of methamphetamine in an amount greater than 10 grams but less than

---

[1]  The court has drawn the facts and procedural posture from the State's motion to dismiss the instant petition for writ of *habeas corpus*, as they are both well-documented and uncontested.

[2]  Though West used the court's standard § 2254 form, his challenge to pretrial detention is properly construed as a request for *habeas corpus* relief under 28 U.S.C. § 2241.

30 grams.[3] Doc. 10-1 at 7 (MEC, Cause No. 1:25-cr-00012, Doc. 2). Capias was returned as executed on February 6, 2025. Doc. 10-1 at 11 (MEC, Cause No. 1:25-cr-00012, Doc. 5). That same date, the trial court appointed Joshua Clemons as counsel for West. Doc. 10-1 at 12 (MEC, Cause No. 1:25-cr-00012, Doc. 6). On February 7, 2025, West and his counsel signed paperwork to waive arraignment and enter a plea of not guilty on the possession charge. Doc. 10-1 at 13 (MEC, Cause No. 1:25-cr-00012, Doc. 7). The trial court entered a scheduling order setting West's plea agreement date on May 9, 2025, and his trial date on May 29, 2025. Doc. 10-1 at 14 (MEC, Cause No. 1:25-cr-00012, Doc. 8). The scheduling order also set West's bond at $5,000, and the record confirms that he posted an appearance bond in the amount of $5,000. Doc. 10-1 at 14–15 (MEC, Cause No. 1:25-cr-00012, Docs. 8, 9).

In early May, the trial court agreed to release Clemons as counsel for West and appointed Sumeka Thomas to replace him. Doc. 10-1 at 40 (MEC, Cause No. 1:25-cr-00012, Doc. 12). As a result, the trial setting for May 29, 2025, was continued until September 4, 2025, to allow newly appointed counsel time to prepare. Doc. 10-1 at 41 (MEC, Cause No. 1:25-cr-00012, Doc. 13). The docket reveals that on July 23, 2025, the State filed its notice of intent to pursue habitual and subsequent drug offender charges against West under Miss. Code Ann. §§ 99-19-81 and 41-29-147. Doc. 10-1 at 42–43 (MEC, Cause No. 1:25-cr-00012, Doc. 14).

Courtroom notes in the record confirm that a month later, on August 29, 2025, West entered his plea as a non-habitual offender to a separate charge in Lowndes County Circuit Court Cause No. 1:25-cr-00173, and in exchange for his plea, the State agreed to dismiss the

---

[3] West does not allege that he has been in custody since June 7, 2023. Indeed, documents in West's Mississippi Electronic Courts (MEC) system records confirm that he was released on bond when he was arrested for the November 2024 crime of possession with intent in Cause No. 1:25-cr-00173.

possession charge in Cause No. 1:25-cr-00012. Doc. 10-1 at 45 (MEC, Cause No. 1:25-cr-00012, Doc. 16). That same day, the trial court denied all pending motions in the case. Doc. 10-1 at 45 (MEC, Cause No. 1:25-cr-00012, Doc. 17). On September 3, 2025, the trial court ordered that Cause No. 1:25-cr-00012 be dismissed "based on [West's] guilty plea in Cause No. 2025-0173-CR1E." *See* **Exhibit A**; Doc. 10-1 at 47 (MEC, Cause No. 1:25-cr-00012, Doc. 18).[4]

**Lowndes County Circuit Court Cause Number 1:25-cr-00173**

On November 29, 2024, while on bond for the 2023 possession charge discussed above, West was arrested for possession of methamphetamine with the intent to distribute. Doc. 10-2 at 6–7 (MEC, Cause No. 1:25-cr-00173, Doc. 3). MEC records reveal that West had his initial appearance on December 2, 2024, where he was denied bond with the notation "already out on felony bond." Doc. 10-2 at 8 (MEC, Cause No. 1:25-cr-00173, Doc. 3). On May 1, 2025, West was indicted for possession of methamphetamine with the intent to distribute. Doc. 10-2 at 4 (MEC, Cause No. 1:25-cr-00173, Doc. 1).

Capias was issued that date and returned as executed on May 8, 2025. Doc. 10-2 at 9 (MEC, Cause No. 1:25-cr-00173, Doc. 4). Five days later, the trial court appointed counsel for West and issued a scheduling order setting West's trial for September 4, 2025. Doc. 10-2 at 13–15 (MEC, Cause No. 1:25-cr-00173, Docs. 6, 7). Courtroom notes in the case file reflect that West was arraigned and that there was "no bond set per statute." Doc. 10-2 at 16 (MEC, Cause No. 1:25-cr-00173, Doc. 8). The record also reveals that, as in his other case, the trial court

---

[4] The exhibits referenced in this memorandum opinion may be found attached to the State's motion to dismiss.

released his initial counsel and appointed Sumeka Thomas to replace him. Doc. 10-2 at 17 (MEC, Cause No. 1:25-cv-00173, Doc. 9).

On June 24, 2025, West filed a *pro se* motion to "quash" his indictment. Doc. 10-2 at 18–21 (MEC, Cause No. 1:25-cv-00173, Doc. 10). A month later, the State filed its notice of intent to pursue habitual and subsequent drug offender charges against West under Miss. Code Ann. §§ 99-19-81 and 41-29-147. Doc. 10-2 at 22–23 (MEC, Cause No. 1:25-cv-00173, Doc. 11). West, again proceeding *pro se*, filed a motion to suppress the evidence against him. Doc. 10-2 at 25–29 (MEC, Cause No. 1:25-cv-00173, Doc. 13).

On August 29, 2025, West entered his plea to possession with intent to distribute methamphetamine as a non-habitual offender. *See* **Exhibit B**; *see also* Doc. 10-2 at 31–35 (MEC, Cause No. 1:25-cv-00173, Doc. 15). West stated in his plea agreement that he "possess[ed] drugs with the intent to distribute" and that he understood the possible sentence he faced. **Exhibit B**; Doc. 10-2 at 31–35 (MEC, Cause No. 1:25-cv-00173, Doc. 15). West's plea agreement stated that the State would recommend a sentence of twenty years and agree to dismiss the 2023 possession charge in Cause No. 1:25-cr-00012. **Exhibit B**; Doc. 10-2 at 31–35 (MEC, Cause No. 1:25-cv-00173, Doc. 15). West signed his plea agreement, which was certified by counsel. **Exhibit B**; Doc. 10-2 at 31–35 (MEC, Cause No. 1:25-cv-00173, Doc. 15). Courtroom notes confirm West's entry of his plea and that all motions in filed in the case were denied. Doc. 10-2 at 36–37 (MEC, Cause No. 1:25-cv-00173, Docs. 16, 17).

On September 3, 2025, the trial court sentenced West to serve a term of twenty years as a non-habitual offender. *See* **Exhibit C**; Doc. 10-2 at 38–39 (MEC, Cause No. 1:25-cr-00173, Doc. 19).

**Additional Pretrial State Court Filings**

- 6 -

Before entering his guilty plea, West also filed two separate actions challenging pretrial matters. On June 17, 2025, West filed a petition for writ of *habeas corpus*, which the trial court set for a hearing in July 2025. Doc. 10-3 at 2–6 (MEC, Cause No. 1:25-cv-00159, Docs. 1, 2). On July 24, 2025, the trial court denied West's petition following a hearing. Doc. 10-3 at 8 (MEC, Cause No. 1:25-cv-00159, Doc. 3).

On July 18, 2025, West filed a "Petition for Motion Arrest for Judgment" challenging his indictment and the evidence in support of his charge. Doc. 10-4 at 2–20 (MEC, Cause No. 1:25-cv-00182, Doc. 1). The docket in that case does not reflect an order disposing of West's "petition," but as discussed above, West has since pled guilty to the indictment he challenges. Doc. 10-4 at 1 (MEC, Cause No. 1:25-cv-00182, Docket).

### Federal *Habeas Corpus* Proceeding

West initiated federal *habeas corpus* proceedings in this court by filing a "Motion for Complaint" on June 13, 2025 (with a signature date of June 8, 2025). Doc. 1. West argues that he was denied due process and states that there is no record of "an arraignment, preliminary hearing, or recording of both proceedings." Doc. 1 at 2. West seeks "dismissal on the grounds of fatal defects on the face of the record" and argues that he is being "illegally held without a bond" as a form of "pretrial detainee punishment." Doc. 1 at 2.

The court directed West to submit his petition on the proper form and either pay the filing fee or submit the appropriate documents to proceed *in forma pauperis*. Doc. 3. On June 27, 2025, West filed his federal petition on the standard § 2254 form. Doc. 5. West's sole claim for relief alleged "due process" violations in his *pretrial* proceedings in the Lowndes County Circuit Court. Doc. 5. West acknowledges in his petition that he had a pending trial date in

- 7 -

early September 2025. Doc. 5. In his prayer for relief, he requested punitive damages.[5] Doc. 5.

On April 4, 2025, the court ordered the State to respond to West's pending federal petition. Doc. 6. Before the State filed its motion to dismiss, West filed two additional pleadings. Docs. 8, 9. The first, filed in July 2025, was entitled "*Habeas* 28 U.S.C.A. § 2254," and challenges the general affidavit underlying his arrest warrant – and alleges that the indictment following that initial charging affidavit and capias was illegal because the charging documents were "defective." Doc. 8. The second pleading, filed in September 2025, was titled as "Motion for *Habeas Corpus*" but docketed by the Clerk of the Court as a motion to amend.[6] Doc. 9. In his motion to amend, filed *after* entry of his guilty plea, West attacks the "unconstitutional and unlawful procedures conducted in the circuit court of Lowndes County." Doc. 9. West argues that his rights under the "270-day rule" were violated and that he should not have been allowed to withdraw his "not guilty" plea. Doc. 9.

The court has liberally construed West's filings, collectively, as a petition filed under 28 U.S.C. § 2241, as he was a pretrial detainee at the time it was filed. The court will also address

---

[5] Damages are not available through *habeas corpus* proceedings. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, (1973) (money damages not cognizable through *habeas corpus*.) As such, the petitioner's claims for money damages must be dismissed.

[6] West also filed multiple motions [19], [20], [24], [26] to amend his petition *after* the State filed its motion to dismiss. The court will not consider any amendments proposed after the State's responsive pleading, as each of the proposed amendments were filed beyond the deadline of 21 days after the filing of the motion to dismiss. *See* Fed. R. Civ. P. 15 (a)(1). As the deadline to amend as a matter of course had expired before these motions were filed, the "party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The State has not consented to such amendments; as such, the petitioner must obtain leave of court to amend. *Id.* West has not shown that his tardiness was due to oversight, inadvertence, or excusable neglect, as required to amend at this stage of proceedings. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). In addition, none of the proposed amendments address the dispositive issues in this case. As such, these motions [19], [20], [24], [26] to amend will be denied.

- 8 -

West's post-plea filing seeking to amend his petition below.   Doc. 9.

### West's Petition Became Moot When He Pled Guilty

West challenges his pretrial detention arising out of charges that were pending at the time

he filed the instant petition; however, those charges were resolved with his plea of guilty to

possession of methamphetamine with intent to distribute – and the trial court's orders sentencing

West on his plea (which also dismissed the remaining charge).   **Exhibits A–C.**   He is currently

incarcerated under his criminal judgment of conviction, *not* his pretrial detention order.   As

such, West's challenge to his pretrial detention is moot and must be dismissed for want of

jurisdiction.

"In order to maintain jurisdiction, the court must have before it an actual case or

controversy at all stages of the judicial proceedings."   *Herndon v. Upton*, 985 F.3d 443, 446 (5th

Cir. 2021), *cert. denied,* 142 S. Ct. 82 (2021); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).   A moot

case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to

resolve the issue it presents." *Adair v. Dretke*, 150 F. App'x 329, 331 (5th Cir. 2005) (citation

omitted).

"A case becomes moot only when it is impossible for a court to grant any effectual relief

whatever to the prevailing party."   *Herndon*, 985 F.3d at 446 (quoting *Knox v. Serv. Emps. Int'l

Union, Loc. 1000*, 567 U.S. 298, 307, (2012)).   Thus, "[i]f an event occurs that prevents [the

Court] from granting 'any effectual relief whatever' to a prevailing party, the controversy is

moot, and the [case] must be dismissed."   *Salgado v. Federal Bureau of Prisons*, 220 F. App'x

256, 257 (5th Cir. 2007) (citations omitted).   Indeed, a case may become moot when an

"intervening factual event ... causes the [petitioner] to no longer have a present right to be

vindicated or a stake or interest in the outcome." *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998) (citations omitted). That is what has occurred in the present case.

West's federal petition for writ of *habeas corpus* challenging his pending charges for possession and possession with intent to distribute (and any request to dismiss those charges), was resolved by entry of his guilty plea. The court cannot grant West his requested relief—or "any effectual relief"—related to the pretrial claims in his federal petition because he pled guilty, and the remaining charge was dismissed. **Exhibits A-C.**

As such, West's federal *habeas corpus* petition under § 2241 has become moot and will be dismissed without prejudice for want of subject matter jurisdiction. *See McBride v. Lumpkin*, 2022 WL 1800842, at *2 (5th Cir. June 2, 2022) (citing *Griener v. United States*, 900 F.3d 700, 706 (5th Cir. 2018)) (when a petition is "moot," a district court "lack[s] jurisdiction to consider it further" and should dismiss the petition without prejudice); *see also Salcido v. Wilson*, No. 21-11029, 2022 WL 1564188, at *1 (5th Cir. May 18, 2022) (dismissal without prejudice is proper when based solely on want of subject matter jurisdiction in the context of a case filed under 42 U.S.C. § 1983) (citing *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994) (dismissing case for want of subject matter jurisdiction and modifying judgment to reflect claims dismissed without prejudice); *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) ("Dismissal with prejudice for failure to state a claim is a decision on the merits and essentially ends the plaintiff's lawsuit, whereas a dismissal on jurisdictional grounds alone is not on the merits and permits the plaintiff to pursue his claim in the same or in another forum."))[.7]

---

[7] West's petition requesting his release and the dismissal of his charges is, alternatively, subject to dismissal with prejudice for failure to state a cognizable claim for federal *habeas corpus* relief – or without prejudice for failure to exhaust available state court remedies. *See Brown v. Estelle,* 530 F.2d 1280, 1283 (5th Cir. 1976) (explaining the types of claims that may be pursued in a pretrial *habeas corpus* petition under 28 U.S.C. § 2241); *Dickerson v. State of La.*,

**To the Extent That the Petitioner's Claims Seeks
to Challenge His Conviction and Sentence Those
Claims Are Both Meritless and Unexhausted**

Even if the court were to treat the instant amended petition as a challenge to West's

conviction and sentence under 28 U.S.C. § 2254, any such claim must be dismissed as meritless

and for failure to exhaust state remedies.

Once a § 2241 petitioner has been convicted, courts within the Fifth Circuit address

petitions challenging pretrial detention in two ways. In one line of cases, the § 2241 challenge

to pretrial detention simply becomes moot upon conviction, as the petitioner has moved from

pretrial detention (pursuant to an arrest warrant or detention order) into incarceration (pursuant to

a criminal judgment). *See Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988), *cert.*

*denied*, 490 U.S. 1099 (1989); *Yohey v. Collins*, 985 F.2d 222, 228-29 (5th Cir. 1993). In a

second line of cases, courts treat the petition as a challenge under § 2254 to the new conviction.

*See Hartfield v. Osborne,* 808 F.3d 1066 (5th Cir. 2015).

To decide which line of cases apply—*Fassler/Yohey* (declaring the § 2241 petition moot)

or *Hartfield* (transforming the petition into one under § 2254)—"the Court asks whether a

particular pretrial Section 2241 claim can, after conviction, still result in legally cognizable

relief." *Clark v. Hubbard*, No. 1:21-CV-228-TBM-RPM, 2022 WL 3575289, at *2 (S.D. Miss.

Mar. 4, 2022) (citation omitted); *Fogleman v. Hubbard*, No. 1:20-CV-12-HWO-RPM, 2021 WL

1608246, at *2 (S.D. Miss. Jan. 15, 2021) (citation omitted). Indeed, "[i]f the claim can only

result in pretrial *habeas* relief, the Court applies *Fassler/Yohey* [and dismisses the § 2241

---

816 F.2d 220, 224–26 (5th Cir. 1987) (citations omitted) (discussing exhaustion requirements for
a § 2241 petition). In addition, some of West's claims are simply contrary to the evidence of
record. As the grounds for dismissal discussed in the instant memorandum opinion are clear,
the court will not discuss these alternate grounds.

petition as moot]," but "if the claim can result in legally cognizable Section 2254 relief—*i.e.* release from custody pursuant to a state court judgment, the Court applies *Hartfield* [and proceeds under 28 U.S.C. § 2254]." *Id.* In two unpublished cases decided after *Hartfield*, the Fifth Circuit reasoned that the nature of relief requested determines the path. *See Wade v. Wichita City, Texas*, No, 21-10283, 2021 WL 5751441, at *1 (5th Cir. Dec. 2, 2021); *Martinez v. Atkinson*, 678 F. App'x 218, 219 (5th Cir. 2017).

West's original § 2241 petition alleges due process violations in the trial court regarding his pretrial detention, including his right to be heard and to cross-examine witnesses against him, his right to a preliminary hearing, and his right to an arraignment. Doc. 5. West noted that he filed motions in the trial court to avoid a trial and sought to have the charges dismissed based on allegedly insufficient evidence to hold him. Doc. 5. He also states that he filed a petition challenging the denial of his rights arising out of the "270-day rule" under Miss. Code Ann. § 99-1-5, which, liberally construed, may raise an issue in this court regarding violation of his state law right to a speedy trial.

In the most recent filing that the court will consider, docketed as a motion [9] to amend, West now requests that the court "review" the "unconstitutional and unlawful procedures conducted in the circuit court of Lowndes County." Doc. 9. He also alleges the violation of his "270- day right" and states that he should not have been allowed to withdraw his "not guilty" plea. Doc. 9.

To the extent that any of West's remaining claims, if successful, could provide relief from the judgment of conviction under § 2254, the *Hartfield* line of cases applies. *Clark,* 2022 WL 3575289, at *3–4; *Fogleman,* 2021 WL 1608246, at *3–4. Thus, the court may convert the

- 12 -

petition into one under 28 U.S.C. § 2254, unless doing so would futile. *Clark,* 2022 WL 3575289, at *3–4; *Fogleman,* 2021 WL 1608246, at *3–4.

In this case, such challenges under § 2254 would, indeed, be futile because, in pleading guilty, West waived all non-jurisdictional defects in his case.[8] *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993); *Tollet v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.") Hence, the court will dismiss the instant petition without prejudice as moot because West is no longer in pretrial detention.

### To the Extent West Challenges His Conviction and Sentence Under 28 U.S.C. § 2254, the Petition Must Be Dismissed for Failure to Exhaust State Remedies

In any event, were the court to convert West's petition to one under 28 U.S.C. § 2254, it must still be dismissed without prejudice because he has not exhausted his state court remedies. Section 2254 provides in relevant part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B) (i) there is an absence of available State corrective process; or
>>
>>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under

---

[8] West has not challenged the validity of his guilty plea.

the law of the State to raise, by any available procedure, the question presented.
28 U.S.C. § 2254.

"[A] state prisoner must exhaust available state remedies before presenting his claim[s]
to a federal habeas court." *Davila v. Davis,* 582 U.S. 521, 528 (2017); *see also Fisher v. Texas,*
169 F.3d 295, 302 (5th Cir. 1999) (Applicant seeking relief under § 2254 must "exhaust all
claims in state court prior to requesting federal collateral relief"). To meet this requirement, a
federal *habeas corpus* petitioner must present his claims to the state's highest court in a
procedurally proper manner – and provide that court with a fair opportunity to decide the claims.
*O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *see also Carter v. Estelle*, 677 F.2d 427, 442–44
(5th Cir. 1982); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Mr. West has not done so.

West may raise his claims in the state courts of Mississippi under state law. *See* Miss.
Code Ann. § 99-39-1, *et seq.* To exhaust his claims, he must proceed through "one complete
round" of the state's "established appellate review process." *O'Sullivan,* 526 U.S. at 845. The
Mississippi Supreme Court must have a fair opportunity to decide West's claims in a
procedurally proper manner before he can meet the exhaustion requirement.

### The Claims in the Instant Petition Must Be Dismissed, Whether Construed Under 28 U.S.C. § 2241 or 28 U.S.C. § 2254

Thus, as discussed above, whether the court proceeds under 28 U.S.C. § 2241 (and
dismisses the petition without prejudice as moot) – or under § 2254 (and dismisses it without
prejudice for failure to exhaust), the petition must be dismissed without prejudice.\

### Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be
dismissed without prejudice as moot – and for failure to exhaust state remedies. In light of this
memorandum opinion, the petitioner's motions [19], [20], [24], [26] to amend his petition will be

- 14 -

denied.    In addition, his motion [13] for default judgment will be denied because the State has

joined the issues in this case.    Further, West's motion for summary judgment [25] will be

dismissed as moot.    Finally, his motion [9] to amend his petition will be granted, and the court

has considered the amendments in the instant memorandum opinion.    A final judgment consistent

with this memorandum opinion will issue today.

      **SO ORDERED**, this, the _5ᵗʰ_ day of January, 2026.

_Glen H Davidson_

SENIOR U.S. DISTRICT JUDGE
